UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Levoyd Jones, *pro se*,  Case No. 3:17-cv-1010

    Plaintiff,

    v.  MEMORANDUM OPINION
 AND ORDER

Ms. Donohue, et al.,

    Defendants.

## I. INTRODUCTION

Defendants Vickie Donohue, Taggart Boyd, and Scott Cameron have filed a motion to dismiss the complaint filed by *pro se* Plaintiff Levoyd Jones for failing to state a claim upon which relief may be granted. (Doc. No. 11). Jones filed a brief in opposition to the motion to dismiss. (Doc. No. 12). Defendants filed a reply brief in support of their motion. (Doc. No. 13). For the reasons stated below, Defendants' motion is granted.

## II. BACKGROUND

Jones alleges he was assaulted by another inmate, Andre Young, on October 31, 2016, while incarcerated at the North Central Correction Complex in Marion, Ohio. Jones alleges that, while his hands were handcuffed behind his back, he was assaulted by Young, his cellmate, who previously had assaulted other cellmates as well. (Doc. No. 1 at 4; Doc. No. 12 at 2-3). Jones states he was

sprayed with mace and, after the incident, had his vitals checked by a nurse but was not seen by a doctor at the facility. (Doc. No. 1 at 4). Later, Jones told a correctional officer he wanted to see a nurse because he was feeling dizzy, but the officer instead told Jones to "man up." (Doc. No. 1 at 4-5). Jones also alleges he was a Level 1 inmate at the time of the assault and should not have been placed in a cell with his assailant, who was a Level 3 inmate. (Doc. No. 1 at 5).

Jones filed suit against three defendants – Vickie Donohue, who he identifies as "HCA – Overseer of Medical," Taggert Boyd, the "Deputy Warden of Operations," and Scott Cameron, a sergeant at North Central. (Doc. No. 1 at 3). He seeks a declaratory judgment affirming his constitutional rights were violated as well as compensatory and punitive damages. (Doc. No. 1 at 6).

### III. STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, the court may consider the allegations in the complaint as well as any exhibits attached to the complaint, as long as the complaint refers to the exhibit and the exhibit is central to the claims set forth in the complaint. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### IV. ANALYSIS

Defendants assert Jones fails to state a claim for relief, even after taking into account the extra latitude provided to *pro se* filings. *See, e.g., Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)

(noting *pro se* pleadings must be held to less stringent standards than attorney filings). Defendants also contend Jones improperly attempts to remedy the deficiencies in his complaint by adding additional facts in his brief in opposition to their motion to dismiss. (Doc. No. 13 at 1-2). While Federal Civil Rule 15 permits a party to amend a pleading once without leave of court if the amendment is made within 21 days of a Rule 12 motion, *see* Fed. R. Civ. P. 15(a)(1), I conclude Jones fails to state a claim for relief even if I consider the additional factual allegations in his opposition brief.

"To raise a cognizable constitutional claim for deliberate indifference to an inmate's safety, an inmate must make a two-part showing: (1) the alleged mistreatment was objectively serious; and (2) the defendant subjectively ignored the risk to the inmate's safety." *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The first part of this showing requires a prisoner show "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834.

The second part requires a showing that a defendant was deliberately indifferent, in that the defendant knew of and disregarded an excessive risk to inmate health or safety – "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Bishop*, 636 F.3d at 766–67 (quoting *Farmer*, 511 U.S. at 837). Prison officials show a deliberate indifference to a prisoner's medical need if they intentionally delay or deny access to medical care for a serious medical need. *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008).

### A. DONOHUE AND BOYD

First, Jones does not state a plausible claim for relief against Donohue or Boyd because he does not identify anything they did that they should not have done or that they failed to do when or how they were required to do it. Jones alleges Donohue "[u]pon information and belief . . . knew

3

Mr. Jones was assaulted by an inmate," but failed to see him or treat his injuries. (Doc. No. 12 at 5). Jones admits he was seen by a nurse after he was assaulted. (Doc. No. 12 at 4). Jones claims Boyd "exercised his discretion in making a policy that allowed for the mixture of security levels" in the same cell and that this policy resulted in his assault and resulting injuries. (Doc. No. 12 at 8).

These allegations fall short. Jones does not allege Boyd had any personal involvement in or knowledge of his assault, and Boyd may not be held liable simply for creating a policy when Jones does not allege Boyd knew the policy put Jones specifically at risk. *See, e.g., Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-82 (6th Cir. 1995). Similarly, Jones does not allege any facts to show Donohue was required to examine him and does not identify any basis for holding Donohue liable simply because she is the "Overseer of Medical."

The allegation that Donohue knew Jones had been assaulted, even taken as true, does not support the required inference that she "knew of or disregarded an excessive risk to [Jones's] health or safety." *Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *2 (6th Cir. Jan. 23, 2009) (citing *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004)); *see also Bishop*, 636 F.3d at 768 (A court "must focus on whether each individual [defendant] had the personal involvement necessary to permit a finding of subjective knowledge.").

Further, as Defendants note, Jones's complaint that a nurse examined him instead of a doctor goes to the adequacy of his treatment and does not allege an actual denial of medical care that could be held to violate his constitutional rights.[1] *See, e.g., Graham ex rel. Estate of Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004). Moreover, his allegation that nurses are not "trained to look for" the injuries he claims to have suffered – wounds needing "stitches" and "broken bones" (Doc. No. 12 at 4) – lacks any factual basis and does not implicate Donohue in any alleged

---

[1] Jones's assertion that a "passing c/o" ignored his request to see a doctor after experiencing some dizziness and noticing some scratches, bumps, and bruises does not state a claim for relief against any of the named Defendants. (Doc. No. 12 at 3).

4

wrongdoing. *See Phillips*, 534 F.3d at 543 ("A supervisor is not liable pursuant to [42 U.S.C. § 1983] for failing to train unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" (quoting *Shehee v. Luttell*, 199 F.3d 295, 300 (6th Cir. 1999))).

## B. CAMERON

Jones alleges Cameron should have removed Jones's handcuffs to allow Jones to defend himself in the event Young became aggressive, and that Cameron "was distracted" by another inmate calling to him after Cameron removed Young's handcuffs but before Cameron could remove Jones's handcuffs. (Doc. No. 12 at 6). These allegations do not establish that Cameron knew of and disregarded an excessive risk to Jones's safety.

Jones does not allege Young previously had assaulted or threatened him, and the allegation that Young previously had assaulted two other cellmates is not sufficient to establish Cameron knew Young "pose[d] a risk to a large class of inmates" into which Jones might fall. *Stewart v. Helton*, 2012 WL 3113207, at *4 (M.D. Tenn., July 27, 2012) (quoting *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004)).

Further, Jones does not allege Cameron intentionally or recklessly exposed him to harm when Cameron failed to remove Jones's handcuffs after uncuffing Young. Instead, as I noted above, Jones alleges Cameron became distracted due to another inmate's conduct and failed to remove Jones's handcuffs immediately after removing Young's. Allegations that a corrections officer was negligent in performing his duties do not rise to the level of a constitutional violation. *See, e.g., Freeman v. Troutt*, 2012 WL 2565070, at *8 (M.D. Tenn., June 29, 2012) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990); and *Roberts v. City of Troy*, 773 F.2d 720, 724 (6th Cir. 1985)). Cameron responded to the assault as soon as Jones was able to "yell . . . for help." (Doc. No. 12 at 3). While Jones also was sprayed with the mace

5

Cameron used to stop Young from assaulting Jones, Jones does not allege Cameron sprayed him with mace with the intent to punish or harm him.  *See Taylor v. Little*, 58 F. App'x 66, 68 (6th Cir. 2003) (holding a correctional officer did not act with deliberate indifference when the officer "responded reasonably to the risk, even if the harm ultimately was not averted" (quoting *Farmer*, 511 U.S. at 844)).

"Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'"  *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  The Supreme Court, however, has clearly held that not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety."  *Farmer*, 511 U.S. at 834.  An inmate does not state a claim for deliberate indifference when the inmate alleges no more than that the prison official's actions were "accidental" or inadvertent.  *Id.* at 840.  Jones fails to state a claim that Cameron acted with deliberate indifference to a substantial risk of serious harm.

## V.     CONCLUSION

For the reasons stated above, Defendants' motion to dismiss the complaint for failure to state a claim, (Doc. No. 11), is granted.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge